IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CRAIG HERN; WENDY HERN, )
) 2:07-cv-01381-GEB-JFM
        Plaintiffs, )
) STATUS (PRETRIAL
    v. ) SCHEDULING) ORDER
)
MILWAUKEE ELECTRIC TOOL )
CORPORATION, )
)
        Defendant. )
_____)

        Plaintiff requests in a Joint Status Report filed on July 24, 2009, that this action be held in abeyance for at least an additional sixty days so that medical evaluation could be completed by workers' compensation physicians and the results be made available. Defendant disagrees and seeks to have a scheduling order issue. Since this action has been pending since July 2007, the status conference scheduled for August 10, 2009, is vacated the following scheduling order issues.

/ / /

/ / /

1

SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

DISCOVERY

All discovery shall be completed by June 30, 2010. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(c)(i)'s initial expert witness disclosure requirements on or before January 29, 2010, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(c)(ii) on or before February 26, 2010.

MOTION HEARING SCHEDULE

The last hearing date for motions shall be August 30, 2010, at 9:00 a.m.[2]

---

[1] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. See Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[2] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1  Motions shall be filed in accordance with Local Rule 78-
2 230(b).  Opposition papers shall be filed in accordance with Local
3 Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed</u>
4 <u>consent to the motion and the Court may dispose of the motion</u>
5 <u>summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).
6 Further, failure to timely oppose a summary judgment motion may result
7 in the granting of that motion if the movant shifts the burden to the
8 nonmovant to demonstrate a genuine issue of material fact remains for
9 trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).
10  Absent highly unusual circumstances, reconsideration of a
11 motion is appropriate only where:
12  (1)  The Court is presented with newly discovered evidence
13 that could not reasonably have been discovered prior to the filing of
14 the party's motion or opposition papers;
15  (2)  The Court committed clear error or the initial decision
16 was manifestly unjust; or
17  (3)  There is an intervening change in controlling law.
18 A motion for reconsideration based on newly discovered evidence shall
19 set forth, in detail, the reason why said evidence could not
20 reasonably have been discovered prior to the filing of the party's
21 motion or opposition papers.  Motions for reconsideration shall comply
22 with Local Rule 78-230(k) in all other respects.
23  The parties are cautioned that an untimely motion
24 characterized as a motion in limine may be summarily denied.  A motion
25 in limine addresses the admissibility of evidence.

## FINAL PRETRIAL CONFERENCE

27  The final pretrial conference is set for October 25, 2010,
28 at 11:00 a.m.  The parties are cautioned that the lead attorney who

1  WILL TRY THE CASE for each party shall attend the final pretrial
2  conference.  In addition, all persons representing themselves and
3  appearing <u>in</u> <u>propria</u> <u>persona</u> must attend the pretrial conference.
4          The parties are warned that <u>non-trial worthy issues could be</u>
5  <u>eliminated *sua sponte*</u> "[i]f the pretrial conference discloses that no
6  material facts are in dispute and that the undisputed facts entitle
7  one of the parties to judgment as a matter of law." <u>Portsmouth Square</u>
8  <u>v. S'holders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985).
9          The parties shall file a <u>JOINT</u> pretrial statement no later
10 than seven (7) calendar days prior to the final pretrial conference.[3]
11 The joint pretrial statement shall specify the issues for trial and
12 shall estimate the length of the trial.[4]  The Court uses the parties'
13 joint pretrial statement to prepare its final pretrial order and could
14 issue the final pretrial order without holding the scheduled final
15 pretrial conference.  <u>See</u> <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th
16 Cir. 1999) ("There is no requirement that the court hold a pretrial
17 conference.").
18          <u>If possible, at the time of filing the joint pretrial</u>
19 <u>statement counsel shall also email it in a format compatible with</u>
20 <u>WordPerfect to: geborders@caed.uscourts.gov</u>.
21 / / /

---

[3]  The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

[4]  **The joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.**

4

TRIAL SETTING

Trial shall commence at 9:00 a.m. on January 25, 2011.

MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause**.

IT IS SO ORDERED.

Dated: August 3, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge